# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**HUBERT A. JONES**                                                                         **PLAINTIFF**

v.                          No. J-C-99-162

**REBECCA BARRETT-TUCK, M.D.,
NEUROSURGICAL ASSOCIATES OF
NORTHEAST ARKANSAS, P.A.,
and JOHN DOES 1-10, whose
numbers represent the individuals with the
responsibility of providing care and treatment
to Hubert A. Jones on or about October
and November of 1998, including, but not
limited to those individuals charged with
providing adjunct or support care for all
such individuals, and the entities who employed
or supervised all individuals and the applicable
liability insurance carriers for any Defendant
immune from suit or direct action.**                                                        **DEFENDANTS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 26 1999
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**COMPLAINT**   This case assigned to District Judge _Reasoner_
                    and to Magistrate Judge _Young_

COMES NOW the Plaintiff, Hubert A. Jones, by and through his attorneys, The Boyd Law Firm, and for his cause of action against the Defendants does state and allege as follows:

1. The Plaintiff, Hubert A. Jones, is a resident of Flint, Michigan.

2. The Defendant Rebecca Barrett-Tuck, M.D., is a physician who at all times pertinent hereto was duly authorized to practice medicine by the State of Arkansas and was at all times pertinent engaged in the practice of neurosurgery in Arkansas. The Defendant, Neurosurgical Associates of Northeast Arkansas, P.A., is a professional association located in Jonesboro, Arkansas. If any Defendant is immune from a direct

1

action, this Complaint will be amended to substitute the name of its liability insurance carrier. Defendants John Does 1-10 is a designation representing all individuals charged with the responsibility of providing medical/nursing/health care and treatment to Plaintiff in Craighead county during October or November of 1998, and those individuals charged with providing adjunct or support care for all such individuals, and the entities who employed or supervised all said individuals and the applicable liability insurance carriers for any Defendant immune from suit or a direct action. The Plaintiff will amend his Complaint, if necessary, to specifically name the proper individual Defendants. Attached hereto as Exhibit A is an Affidavit in accordance with Arkansas Code Annotated §16-56-125.

3. Jurisdiction and venue are proper, as diversity of citizenship is present and the Plaintiff alleges damages in excess of $75,000.00.

4. The Plaintiff presented to Defendants for an elective procedure to be performed by Dr. Barrett-Tuck on October 29th, 1998. This procedure was an anterior cervical diskectomy and Cloward fusion at C3-C4 and C5-6.

5. In the preoperative evaluation, the Plaintiff was given a routine chest x-ray, revealing a suspicious mass. The attendant radiologist recommended a further evaluation by way of a CT scan.

6. Despite the results of the chest x-ray, and the presence of several "risk factors" suggestive of cancer, Dr. Barrett-Tuck and staff working at her direction declined or failed to inform the Plaintiff or his family of the suspicious results of the chest x-ray and unilaterally decided to proceed with the planned surgical procedure described in Paragraph No. 4.

2

7. After the surgical procedure, the suspicious mass was revealed to be cancerous, and the Plaintiff was diagnosed with Stage IV lung cancer.

8. As a result, the Plaintiff has been forced to recover from the painful, elective surgical procedure while coping with the knowledge of his impending death. Had the Defendants apprised the Plaintiff of the presence of the cancerous mass, the Plaintiff would have foregone the surgical procedure and instead lived out the remainder of his life in relative comfort.

9. The Plaintiff presented himself to Dr. Barret-Tuck and Neurosurgical Associates of Northeast Arkansas, P.A., which held themsleves out to the public as being able to provide competent facilities and staff to perform operations and procedures and provide competent medical treatment such as those performed on the Plaintiff. The failure to provide same is an act of negligence. Accordingly, all acts of negligence perpetrated by their employees or agents are imputed to said entities, and said entities are vicariously responsible for same.

10. The Defendants were negligent in the following particulars, among others:

   (a) In failing to properly treat and manage the condition of the Plaintiff;

   (b) In failing to take proper steps to determine the true nature of the complications surrounding Plaintiff's condition;

   (c) In failing to advise the Plaintiff of the potential ramifications, and problems, associated with the suspicious x-ray;

   (d) In failing to advise the Plaintiff of the potential ramifications of the results of said surgical procedure performed by Dr. Barrett-Tuck;

3

(e) In failing to use the pertinent skills and knowledge expected of a physician, or other health care personnel, under like circumstances;

(f) In failing to properly attend, inspect, evaluate, and treat the Plaintiff;

(g) In failing to use reasonable care under the existing circumstances for the attendant examination and evaluation and treatment of the Plaintiff;

(h) In failing to use diligence to ascertain all available facts and reports and to collect data essential for proper diagnosis and treatment;

(i) In failing to have a properly trained staff on hand, with the requisite skill to ascertain the nature of the Plaintiff's condition, give proper information to those treating the Plaintiff, and otherwise provide proper care and treatment to the Plaintiff;

(j) In failing to take note of or appreciate the risk factors present for cancer in the Plaintiff;

(k) In failing to hire and supervise competent physicians to perform procedures in a competent and prudent manner;

(l) In failing to obtain the Plaintiff's informed consent; and,

(m) In otherwise failing to act as a reasonable, prudent, and competent physician, other health care personnel, and clinic under like or similar circumstances, in Craighead County, Arkansas, or in similar localities.

4

11. The doctors, nurses, and other support staff personnel were at all pertinent times hereto employees of, or working under the control and direction of, the individually named Defendants herein. As such, any negligence on their part is imputed to the Defendants, and their individual liability insurance carriers in the event said individual/entities are vicariously liable for same. In the alternative, and only if it is determined that said individuals were independent contractors, or not working under the direction or control of said Defendants, or were not employees or agents of said Defendants, then the Defendants are responsible for negligently failing to supervise said individuals when it knew or should have known that the conduct of said individuals would have a direct and substantial bearing on the ultimate condition of the Plaintiff.

12. The Defendants' negligence, coupled with that of their agents, employees, and others working either under their direction and control or in conjunction with them to care for and treat the Plaintiff, jointly and severally, was a proximate cause of the Plaintiff's injuries and the damages herein alleged. As a result of the negligence of the Defendants, and others heretofore described, the Plaintiff has suffered in the past, and will suffer in the future, the following damages, among others:

   (a) Past, present, and future mental anguish, emotional pain and suffering;

   (b) Medical/nursing/health care expenses for hospitals/facilities and physicians in the past and reasonably certain to be expected in the future;

   (c) Conscious pain and suffering prior to death;

   (d) Loss of quality of the Plaintiff's remaining life;

(e)     All other damages available under Arkansas law and Federal law, both statutory and that recognized at common law.

13. The damages sustained by the Plaintiff as a result of the negligence of the Defendants, and others described herein, are within the minimum jurisdictional limits of this Court, or any other Court to which this cause may be transferred, and are equal to an amount more than $75,000.00.

14. The Plaintiff reserves the right to amend this Complaint, seeking leave of this Court if necessary, upon further discovery and investigation.

15. **THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

WHEREFORE, the Plaintiff respectfully prays that he be awarded Judgment against the Defendants, or the liability insurance carrier for any Defendant immune to a direct action, for damages to be assessed by a jury, but in an amount to satisfy the jurisdictional requirements of this Court or any Court to which this matter may be transferred, for his costs herein expended, and for all other relief to which he is justifiably entitled.

RESPECTFULLY SUBMITTED

HUBERT A. JONES

By: _____
Timothy J. Cullen
Ark. Bar No. 97062
**The Boyd Law Firm**
1317 Cantrell Road
Little Rock, Arkansas 72201
(501) 372-0770

## AFFIDAVIT

Comes the undersigned, Timothy J. Cullen, and does solemnly swear the following facts and information are true and correct to the best of his knowledge and belief.

1. I am serving a Complaint as the attorney for the Plaintiff in a lawsuit entitled *Jones v. Barrett-Tuck, M.D., et al*, in the United States District Court, Eastern District, Jonesboro Division.

2. I do not know the names of all the physicians, nurses, or other staff personnel who cared for Hubert A. Jones in October and November of 1998.

3. Upon determining the identity of the individuals responsible for the rendition of negligent care and treatment during the applicable time period, and the names of any entities immune from liability except for their liability insurance, I will timely amend the Complaint that has been filed to specifically designate the names of the individuals in question, and the insurance companies to the extent required by law.

4. This Affidavit is filed in accordance with Arkansas Code Annotated ∋ 16-56-125.

TIMOTHY J. CULLEN

## VERIFICATION

SUBSCRIBED AND SWORN TO before me a Notary Public, on this 22nd day of April, 1999.

NOTARY PUBLIC
Melissa Cullen

My Commission Expires:
Aug. 22, 2008